No. 54267.—Sloan Valve Company v. United States, protest 143413–K/1745 (Chicago).

JOHNSON, Judge: The merchandise in question consists of an importation of 150 "Lo-Flo Toilet Bowls." Duty was assessed thereon at the rate of 60 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as plain white china, vitrified. The plaintiff claims that said merchandise is properly dutiable at the rate of 35 per centum ad valorem under said paragraph, as amended by the General Agreement on Tariffs and Trade, as published in 82 Treas. Dec. 305, T. D. 51802.

The paragraph of the law under which the merchandise was assessed for duty provides, so far as pertinent, as follows:

PAR. 212. China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * and all other articles composed wholly or in chief value of such ware, plain white, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 60 per centum ad valorem; * * *

The paragraph of the law, as amended, under which the merchandise is claimed to be classifiable, provides in part as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 212 | China, porcelain, and other vitrified wares (except sanitary ware, chemical porcelain ware, and chemical stoneware), composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * and all other articles composed wholly or in chief value of such ware, plain white, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for: <br> * * * * * * * <br> Electrical porcelain ware, and fittings and parts for sanitary ware_____ | 35% ad val. |

As will be seen from the foregoing law and amendment thereto, whereas the 60 per centum rate of duty pertained to all articles or manufactures of vitrified or semivitrified porcelain or china, the amendment excepts from the reduced rate such china, porcelain, and other vitrified wares as come within the terms of sanitary ware, chemical porcelain ware, and chemical stoneware. In other words, the law, as amended, provides for sanitary ware at the rate of 60 per centum ad valorem and for parts for sanitary ware at the rate of 35 per centum ad valorem.

At the trial counsel for the plaintiff contends, as shown on the record, page 3, as follows:

* * * that the exception in the language which says "and fittings and parts for sanitary ware" is the topical heading under which toilet bowls fall in that they constitute only a small part, although large in size, but a small part in the cost spaces of a complete and functioning sanitary item. So, for that reason they [the plaintiff] filed this protest, feeling that the exception in the language which I just read is an exception within the exception which reads, "Except sanitary ware," and that the draftsman, in preparing this tariff schedule specifically excluded parts which were not in themselves complete units for sanitary ware.

No evidence was produced to substantiate the contentions of the plaintiff. However, it might be pointed out that in the year 1938 the United States entered into a trade agreement with the Government of Czechoslovakia, T. D. 49458, amending paragraph 212 of the Tariff Act of 1930, by adding the following:

Sanitary ware, and parts and fittings therefor, composed wholly or in chief value of china, porcelain, or other vitrified ware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, and not specially provided for:
Plain white, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner__ 30% ad val.

Although this schedule was later abrogated and superseded by T. D. 51802, *supra*, it indicates that sanitary ware, and the parts and fittings therefor, are

regarded as two distinct tariff entities. The law as amended by T. D. 51802, *supra*, excludes sanitary ware from the reductions in duty agreed to and published in T. D. 51802, which then would retain the classification thereof within the terms of the general language of paragraph 212 of the Tariff Act of 1930, *supra*, while the fittings and parts for sanitary ware are classifiable at a reduced rate of 35 per centum ad valorem.

The common meaning of the term "fittings," according to Funk & Wagnalls New Standard Dictionary, is defined as an article of permanent equipment or adjustment, such as gas-fittings, steam-fittings, which in the opinion of the court would exclude toilet bowls from the definition. Moreover, as pointed out by Government counsel, a presumption attaches to the collector's assessment that he has found all the facts to exist which are necessary to support his classification, and the importer has the burden of not only proving the collector's classification erroneous, but in addition it must be affirmatively shown that the classification sought for is correct. As the importer, in an effort to overcome this presumption, relied solely upon an erroneous interpretation of the statute, as heretofore pointed out, and elected not to introduce any evidence to establish that toilet bowls were either within the common meaning of the term "fittings and parts for sanitary ware" or were commercially so known in the trade and commerce of the United States, judgment will be entered in favor of the Government.